UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF


     v.          CASE NO. 2:09-CR-20066-001


WILLIAM EARL MEFFORD                                  DEFENDANT

## O R D E R

Before the Court are Defendant William Earl Mefford's
Motion to Revoke Detention Order (doc. 67) and the Government's
Response (doc. 70).  For the reasons set out below, Defendant's
Motion is DENIED.

### I. Procedural History

On November 4, 2009, a one Count Indictment charged
Defendant with knowing failure to register as a sex offender
and/or update registration as a sex offender as required by the
Sex Offender Notification Act.  On February 23, 2010, Defendant
entered a conditional plea[1] and on May 13, 2010, the Court
sentenced the defendant to eighteen (18) months imprisonment,
ten (10) years supervised release; and a $100.00 special
assessment.

On September 16, 2011, the Probation Office filed a
Petition requesting the modification of Defendant's conditions

---

[1] On April 30, 2012, pursuant to opinion and mandate of the United States
Court of Appeals for the Eighth Circuit the Court entered its briefing
schedule directing the parties to file their briefs on the merits of
Defendant's non-delegation claim.

of supervised release.   On September 21, 2011, Defendant filed his motion for Reconsideration of Supervised Release, and on October 25, 2011, the Government filed its Response.      On December 2, 2011, the parties appeared before the Court, presented their arguments, the testimony from Supervising Probation Officer Heath Hall and the defendant, and submitted for the record the magazine confiscated from the defendant's home on September 15, 2011[2].   The Court considered all the evidence before it, reviewed the applicable legal standards and found Defendant's Waiver of September 16, 2011, was knowing, intelligent, and voluntary and was therefore a valid agreement to the modification of his supervised release condition.

Notwithstanding Defendant's valid waiver, the Court found cause[3] to modify the language of the previously imposed special condition, including the addition of the following special condition:   Defendant shall not access, view, possess, or have under his control any voyeuristic materials, i.e., images of any person(s) secretly observed or depicted as being secretly observed.   This includes, but is not limited to, any such

_____

[2] During an unannounced home visit Probation Officer Hall found Defendant possessed a legal pornographic magazine containing adult models depicted to look like youth.
[3] The Court set out at length on the record its consideration of the factors involved in the special conditions of Defendant's special conditions of supervised release, including whether the special conditions are reasonably related to the sentencing factors set forth in 18 U.S.C. §3553(a); whether the special conditions involves no greater deprivation of liberty than is reasonably necessary to serve the purposes set forth in § 3553(a); and whether the special conditions are consistent with the pertinent policy statements issued by the Sentencing Commission.

material obtained through access to any computer or any other electronic device, and any that are self-produced.  On December 15, 2011, Defendant filed his Notice of Appeal of Conditions of Release.

On April 6, 2012, the Court received a Petition for Warrant or Summons for Offender Under Supervision indicating Defendant was observed following a 16 year old female and taking photos of her with his phone at St. Edward's hospital.  The Petition states that security at the hospital was alerted about Defendant's conduct and in turn contacted the Fort Smith Police Department.  Contact was made with Defendant and he admitted taking photos of the minor female, and photos of the minor were observed on Defendant's phone.  The Petition also indicated that charges of Harassment would be pursued.

The Court reviewed the petition and entered its Order for the issuance of a warrant.  On April 13, 2012, Defendant appeared with Counsel before Judge Marschewski for his Initial Appearance and requested a probable cause and detention hearing. On April 18, 2012, Magistrate Judge Marschewski conducted a joint probable cause and detention hearing.  Testimony from Fort Smith Police Detective Michael McCoy and Probation Officer Hall was presented along with arguments by Defense.  Judge Marschewski found probable cause exists and entered an Order of Detention (doc. 65).  On April 27, 2012, Defendant filed his

Motion to Revoke Detention Order pursuant to 18 U.S.C. § 3145(b) arguing the "Magistrate Judge failed to properly apply the detention factors set out in 18 U.S.C. § 3142(g)" and that Defendant is neither a flight risk nor a danger to any person or the community. On May 4, 2012, the Government responded in objection arguing the factors set out in 18 U.S.C. § 3142(g) supported detention.

## II. Standard of Review

"When the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions of release." See *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (*citing United States v. Freitas*, 602 F.Supp. 1283, 1293 (N.D. Cal. 1985)).

## III. Analysis

Section 3142(g) directs the Court to consider certain factors in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the

nature and seriousness of the danger to any person or the community that would be posed by the person's release.

A determination that a defendant poses a safety risk must be supported by clear and convincing evidence. *Id.* § 3142(f) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). A determination that a defendant poses a flight risk must be supported by a preponderance of the evidence. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). A violation of supervised release is established by a preponderance of the evidence. *United States v. Lynch*, 611 F.3d 932, 934 (8th Cir. 2010) (*citing* 18 U.S.C. § 3583(e)(3)).

Defendant argues Magistrate Judge Marschewski failed to properly apply the detention factors set out in 18 U.S.C. § 3142(g) - the Court now turns to consider these factors.

First, the nature and circumstances of the offense charged support detention because Defendant's alleged conduct demonstrates he cannot refrain from acting out on his sexual interest in minor females. The Court reviewed the testimony at the detention hearing, including that of Detective McCoy and is particularly concerned with the allegations that Defendant continued taking pictures of the minor when she sat on a bench

after being alerted that Defendant was taking unacknowledged pictures of her buttocks. The testimony suggests Defendant was undeterred by detection and the threat of law enforcement. Likewise, the testimony indicates that when the reporting officer requested the cellular phone from Defendant he furnished a different cellular phone which did not have photographic capabilities, and it was only after some time did Defendant produce the cellular phone he used to take pictures of the minor female. Officer McCoy's testimony is that subsequent investigation revealed Defendant had a total four cellular phones in his possession, some of which had photographs of other minor female's buttocks that had been taken without their knowledge at some other place and time. The nature and circumstances of the offense demonstrates Defendant cannot refrain from acting on his sexual interest towards minor females and detention is appropriate.

Second, the weight of the evidence likewise supports detention. The Court is aware that at the time of the detention hearing the new law violation of Harassment had not been filed; however, the Court's review of the weight of the evidence indicates the allegations of Defendant's conduct would likely meet the preponderance of the evidence for violation of supervised release. The facts indicate that a third-person (a gift shop worker) first witnessed Defendant's conduct and

reported it to the minor and hospital security, who in turn called the Fort Smith Police Department. Defendant admitted to taking pictures of the minor, and the images captured were observed on Defendant's cellular phone. Notwithstanding the additional investigation that may need to be completed the allegations of conduct strongly suggest Defendant violated the special condition prohibiting the access, viewing, and possession of voyeuristic materials.

Third, the history and characteristics of Defendant also supports detention. Officer Hall testified to Defendant's criminal history, including his conviction for Sexually Abusing a Minor in which Defendant sexually abused his daughter from age seven to fourteen, his conviction for Outraging Public Decency for hiding in the women's restroom at the state fair and taking pictures under the bathroom stalls, and his conviction for Failure to Register as a sex offender. More recently, Defendant's special condition of supervised release was modified to include additional measures after he was found to be in possession of legal pornography that depicted adult females in a youthful light. The Court modified Defendant's special conditions for reasons that included the goals of deterrence and rehabilitation. As mentioned above the modification included the addition of a special condition that specifically prohibited Defendant from taking pictures of others secretly. The Court's

effort appears to have not been enough, and Defendant is again before the Court on allegations that stem from his conduct relating to his sexual interest in female youth.  Defendant's history and characteristic demonstrate he cannot obey the mandates of this court and his proclivity towards minor females continues and therefore detention is proper.

Fourth, the nature and seriousness of the danger to any person or the community posed by the person's release supports his detention.  Defendant cannot obey the mandates of the Court and cannot refrain from acting on his sexual interest towards minor females.  Although the conduct in the instant allegations are non-violent the Court is concerned that Defendant's actions have escalated and are rising to a level where the sexual assault of a child is becoming a real possibility, one which Defendant's criminal history demonstrates he is clearly capable of.

Upon a *de novo* review of the detention factors set out in 18 U.S.C. § 3142(g) the Court finds that there are no "conditions of release that will reasonably assure the appearance of the person as required **and the safety of any other person and the community**[.]"  18 U.S.C. § 1342(g) (emphasis added).

**IV. Conclusion**

Accordingly, Defendant's Motion to Revoke Detention Order (Doc. 67) is **DENIED.** Defendant's Revocation of Supervised Release hearing remains set for June 25, 2012 at 11:00 AM.

IT IS SO ORDERED this 11th day of May 2012.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge